CHARLES H. POWELL ET AL. *v.* H. A. MEAD.

[Abstract Kentucky Law Reporter, Vol. 3—334.]

**Errors Not in the Record on Appeal.**

When an amended petition is claimed to have been offered for filing, but is not copied in the record on appeal, and where an affidavit for continuance is not in the record, the Court of Appeals can not know whether any error was committed or not.

**Competency of Witness.**

In the absence of a plea or claim of insanity or mental incapacity of a party to testify, it is irrelevant to prove his sickness and belief that death was approaching.

APPEAL FROM GREENUP CIRCUIT COURT.

October 22, 1881.

OPINION BY JUDGE HARGIS:

The appellant, Charles H. Powell, instituted an action against Samuel Powell to foreclose a mortgage held by the former on a tract of land owned by the latter, and made the appellee, Mead, a defendant, alleging that he also held a mortgage on the same land. Mead, not controverting the validity of Charles H. Powell's mortgage, filed his answer and cross-petition against Samuel Powell, seeking by appropriate allegations to foreclose his mortgage, which is senior to the mortgage of Charles H. Powell.

Samuel Powell, in substance, pleaded that he executed the mortgage through mistake, by reason of the fraud practiced on him by the appellee, Mead, and that he had paid and discharged the whole amount of the debt embraced by the mortgage before its execution, and specifically set forth the manner in which the debt originated, and how he had paid and discharged it.

The plea of payment, the non-receipt of a part of the mortgage debt and the discharge of the whole thereof were each and all controverted, specially and generally, by the appellee, Mead. The appellant, Charles H. Powell, adopted the plea of Samuel Powell and charged that the land was insufficient to pay both mortgages. On the issues thus formed the cause was referred to the master, who reported the full amount of Mead's mortgage debt in his favor, and rejected all of the credits and defenses

pleaded by the Powells. The court overruled the exceptions, nine in number, filed by Samuel Powell, confirmed the report and rendered judgment in favor of Mead for his debt and interest, secured by the mortgage to him, from which judgment Samuel Powell's Admr., he having died pending the suit, and Charles H. Powell, have appealed. We will notice the errors in the order assigned, which will afford a sufficient explication of the facts.

The amended petition offered March 6, 1879, is not copied into the record, and this court can not know whether any error was committed by its rejection.

The affidavit for a continuance is not in the record, and as the cause had been pending for four years, we can see no abuse of discretion nor infringement of law in refusing the appellants a continuance.

This assignment embraces all the exceptions filed to the commissioner's report, the first of which is that the commissioner based his report on the incompetent evidence of the appellee, Mead, who testified after Samuel Powell died. His evidence was competent because Samuel Powell had testified touching the same subject on which Mead gave his evidence, and besides this it could not very properly be treated as an affidavit denying the genuineness of the note of February 1, 1865, for $696. The second, third, seventh and ninth exceptions are too general, and are also included within the meaning of the other exceptions. The fourth exception was not well taken because the evidence does not sustain the payment by Charles H. Powell for Samuel Powell of the $840; and the note for $696 dated February 1, 1865, is shown not to have been genuine.

The four successive mortgages executed by Samuel Powell to Mead, in each of which the amount named is declared to be just and owing by Samuel Powell, negatives the ignorance of the state of their accounts and transactions asserted by Powell. It can not be believed that Samuel Powell would have executed any of the mortgages, much less four, if Mead had not paid for the land on which Powell lived, and if it had not been true that the latter knew this to be so. Nor is it probable that Powell would have executed a mortgage for more than $1,800 when the mortgagee owed him over $900, part of which, if it existed, was evidenced by the spurious note of February 1, 1865.

The introduction of this latter note and the deposition of John Powell, in which he denies any understanding existing between him and his father, Samuel Powell, and appellee, Mead, by which the latter was to give Samuel Powell credit on the mortgage for the corn raised by John on Mead's farm, and John's subsequent statement, proved by the appellants that he so testified because of his alarm when there could be nothing to fear but falsehood, renders all of the claims set up by Samuel Powell suspicious, and stamps the whole defense with a want of truth and justice which must, in connection with the other evidence, condemn it.

The evidence furnishes no clue to the beginning and ending of the period or periods during which more than a lawful rate of interest was charged, and we must therefore decline to disturb the master's deduction, which was approved by the judgment.

The remarks on the fourth exception dispose of the credits claimed for the $181 and the $500 check, and also the items for molasses, cattle, etc. The fourth error is not tenable, for without the plea or claim of insanity or incompetency on the part of Samuel Powell to testify, it was wholly irrelevant to prove his sickness and belief that death was approaching, by the witnesses, Gilley, Reynolds and Hayden. As to the deposition of Weir it detailed hearsay alone, and it could not in any event be competent against the appellee, Mead. The sixth, seventh and ninth errors have been in effect disposed of. They but repeat in a more general way the other assignments of error.

We forbear to analyze the evidence further than we have indicated because the same result would be reached, and it could not weaken our convictions, to which we adhere of necessity from the weight of the evidence.

Wherefore the judgment is *affirmed*.

*D. K. Weiss, for appellants.*

*E. F. Dulin, for appellee.*